**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JERMAIN ANTHONY SMALL,<br><br>*Plaintiff,*<br><br>v.<br><br>MANNA DEVELOPMENT ENTERPRISE, LLC, et. al,<br><br>*Defendants.* | No. 4:25-cv-1643 MAL |

## Order and Memorandum

This matter is before the Court on review of four motions by self-represented Plaintiff Jermain Small. First is his Motion for Leave to Proceed in *Forma Pauperis*, Doc. 2, along with his certified Inmate Account Statement for the period from April 1, 2024 to October 17, 2025, Doc. 3. Next, the Court will consider Plaintiff's Motion to Appoint Counsel, Doc. 4, and Motion to Amend Summons, Doc. 7. Finally, the Court reviews Plaintiff's Motion for Extension of Time to Serve Complaint, Doc. 8.

### I. Motion for Leave to Proceed in *Forma Pauperis*

The Court finds that Plaintiff failed to accurately disclose his income and therefore denies the Motion for Leave to Proceed in *Forma Pauperis*, Doc. 2. Plaintiff signed the Application under penalty of perjury and dated it October 24, 2025. Doc. 2. at 2. It in, Plaintiff did not disclose any gross pay or wages and claimed to have zero dollars ($0) in any checking or savings account. *Id*. However, Plaintiff's inmate account statements tell a different story. Plaintiff's inmate account balance at the time of the statement was $260 and he had received deposits to his account on numerous occasions in the preceding months. Doc. 3 at 1-28. In his Application, Plaintiff answered "No" when asked if he had received "Other Income," including income from "gifts" or "[a]ny other source," in the past 12 months. Doc. 2 at 1. But his inmate

account statement shows at least forty-four separate deposits from multiple individuals during that time. *See generally* Doc. 3. Plaintiff was clearly aware of the deposits, as he made multiple purchases from the account after receiving them. Doc. 3.

Plaintiff's account statement directly contradicts his affirmation that he received no income from any source. The Court therefore denies Plaintiff's Motion for Leave to Proceed in *Forma Pauperis* but will do so without prejudice and direct Plaintiff to either pay the $405 filing fee in its entirety or file another application.

If Plaintiff chooses to file another application, he must complete it carefully, he must truthfully answer each question in its entirety, and he must sign it under penalty of perjury. The Court admonishes Plaintiff that a future false statement will result in the dismissal of this action with prejudice. *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (affirming dismissal with prejudice where plaintiff submitted false financial affidavit); *Askew v. Union Pac. Motor Freight Co.*, 998 F.2d 1018 (8th Cir. 1993) (per curiam) (unpublished table decision) (affirming dismissal with prejudice where district court found plaintiff "deliberately misstated his financial condition").

If Plaintiff files another application and the Court grants it, the Court will assess an initial partial filing fee and order Plaintiff to pay it. After Plaintiff pays the initial partial filing fee, the Court will require him to make monthly payments until the filing fee is paid in full. And the Court will review his complaint under 28 U.S.C. § 1915A to determine whether it is subject to summary dismissal. Plaintiff will remain responsible for paying the full amount of the filing fee even if the Court dismisses his complaint.

## II. Motion to Appoint Counsel

Plaintiff has also filed a Motion for Appointment of Counsel. Doc. 4. Civil litigants do not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)).

Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

At present, there is no indication that the appointment of counsel is warranted. The Court will therefore deny Plaintiff's Motion, Doc. 4, without prejudice.

**III. Motion to Amend Summons**[1]

Plaintiff next moves to amend his original complaint, Doc. 1, in his Motion to Amend Summons, Doc. 7, in order to correct inaccurate information regarding the domicile of one defendant. Under Federal Rules of Civil Procedure 15(a) a party may amend a pleading once as a matter of course "21 days after serving it." Fed. R. Civ. Pro. 15(a)(1)(A). Because Plaintiff has yet to serve any defendant in this case, amendment as a matter of course is proper under FRCP 15(a)(1)(A). Plaintiff's Motion to Amend Summons, Doc. 7, is granted.

**IV. Motion for Extension of Time to Serve Complaint**

Finally, Plaintiff moves for an extension of time to serve the Complaint under FRCP 4(m). Rule 4(m) requires the Plaintiff to "show[ ] good cause for the failure" to serve defendants when this has not occurred within 90 days of filing the Complaint. Fed. R. Civ. P. 4(m). None of the eight named defendants in this case have been served. Plaintiff is therefore directed to serve all defendants by October 21, 2026 or show good cause by such date why he cannot. If service is not made, the Court will dismiss this action without prejudice under FRCP 4(m).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Proceed in *Forma Pauperis*, Doc. 2, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 4, is **DENIED** without prejudice.

[1] The Plaintiff asks this Court to amend the summons, but no such amendment exists.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Summons, Doc 7, which the Court construes as a motion to amend the Complaint, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motin for Extension of Time to Serve Complaint, Doc. 8, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff must serve all defendants no later than October 21, 2026 or show cause why they cannot be served. If service is not made, this Court will dismiss this action without prejudice under Rule 4(m).

**IT IS FURTHER ORDERED** that no later than October 21, 2026, Plaintiff must either pay the $405 filing fee in full or file an accurate application to proceed in district court without prepaying fees or costs. Failure to comply will result in dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff a copy of the Court's form application to proceed in district court without prepaying fees or costs.

This 23rd day of September, 2026.

Maria A. Lanahan
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE